**United States District Court**
For the Northern District of California

1

2

3

4

5                  UNITED STATES DISTRICT COURT

6                  NORTHERN DISTRICT OF CALIFORNIA

7

8   MICHAEL GRESSETT,                          No. C-12-3798 EMC

9           Plaintiff,

10      v.                                      **ORDER RE DEFENDANTS' MOTIONS
                                                TO DISMISS AND STRIKE, AND
11   CONTRA COSTA COUNTY, *et al.*,             DIRECTING PARTIES TO MEET AND
                                                CONFER RE SECOND AMENDED
12          Defendants.                         COMPLAINT**
    _____/

13

14

15          At issue are five simultaneously filed motions to dismiss and two motions to strike filed in

16   response to Plaintiff's First Amended Complaint.  Plaintiff asserts seven causes of action for

17   (1) individual violation of 42 U.S.C. § 1983 ("§ 1983"); (2) *Monell* violation of 42 U.S.C. § 1983;

18   (3) malicious prosecution; (4) violation of California Civil Code section 52.1; (5) false

19   imprisonment and arrest; (6) defamation; and (7) intentional infliction of emotional distress against

20   seventeen named defendants, resulting in over sixty different sources of liability for the Court to

21   analyze.  Through their motions, Defendants seek to have each cause of action dismissed as against

22   every Defendant.

23          At first blush, Plaintiff's First Amended Complaint is riddled with problems.  Plaintiff names

24   multiple defendants that are either duplicative with other named defendants or are not suable entities

25   in their own right.  For example, Plaintiff names the Contra Costa County District Attorneys' Office

26   as a separate entity from Contra Costa County, when it is in fact not a legally cognizable entity.  For

27   the properly named Defendants, Plaintiff's complaint makes numerous broad allegations, such as

28   that "[a]ll of the individual Defendants made false statements," upon which he seeks to rest

1  individual Defendant liability, without pleading additional facts for certain individual Defendants.

2  For certain particular Defendants, most notably Eric Ghisletta, Joyce Blair, and Tom Simonetti, the

3  complaint is noticeably devoid of specific facts suggesting their liability.

4        Plaintiff asserts numerous legally suspect claims.  For example, Plaintiff's fifth cause of

5  action for false arrest failed to comply with the California Tort Claims Act's requirement that a

6  claim be filed within six months of a cause of action accruing, as he was arrested on October 2,

7  2008, yet did not file his claim form until March 2012.  Plaintiff argues that a Supreme Court dissent

8  discussing the continuing effect of false arrest or imprisonment serves to toll his state law claim,

9  despite controlling law to the contrary.  In addition, Plaintiff appears to have neglected to conduct an

10 individualized analysis of how numerous state law immunities, such as Civil Code section 47(b)

11 (immunizing reports to law enforcement) and Government Code section 821.6 (immunizing

12 government activity related to investigating and prosecuting judicial proceedings), affect his ability

13 to level each cause of action against each Defendant, leaving that analysis to the Court.

14       On the other hand, Plaintiff states sufficient facts to either survive this first round of motions

15 to dismiss or merit leave to amend his complaint as to many of his causes of action at least as to

16 some of the named Defendants.  Defendants' efforts to dismiss this matter will more than likely be

17 simply duplicated down the line.

18       Accordingly, the parties are directed to meet and confer regarding the filing of a second

19 amended complaint to narrow the claims asserted and expedite resolution of the legal issues

20 genuinely in dispute.  The Court forewarns the parties of their obligations under Fed. R. Civ. P. 11.

21 The motions set for hearing on November 9, 2012 are taken off calendar, and the matter will be set

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

United States District Court

For the Northern District of California

2

for a status conference for November 30, 2012 at 9:30 a.m.  A joint status conference statement shall be filed by November 23, 2012.  Lead trial counsel for all parties shall appear in person at the status conference.  The Court expects the parties to have met and conferred and that the Plaintiff will have filed a second amended complaint prior to the status conference.

        IT IS SO ORDERED.

Dated:  November 1, 2012

_____
EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California

3