UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRESSETT,<br><br>    Plaintiff,<br><br>    v.<br><br>CONTRA COSTA COUNTY, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-12-3798 EMC<br><br>**ORDER DENYING DEFENDANTS'**<br>**MOTIONS TO DISMISS; AND**<br>**DENYING DEFENDANT O'MALLEY'S**<br>**MOTION TO STRIKE**<br><br>**(Docket Nos. 131, 141, 143)** |

Previously, the Court dismissed Mr. Gressett's claims against the following defendants with prejudice: Ms. Blair (AG's Office); Mr. Sylvia (Martinez Police Department); and Mr. McKenna (former law partner of Mr. O'Malley). This order addresses Mr. Gressett's claims against the remaining defendants – *i.e.*, all of the County Defendants (*i.e.*, the County, Mr. Kochly, Mr. Sequeira, Mr. Baker, Mr. Greenwald, Mr. Jackson, and Mr. Mulligan) and Mr. O'Malley (collectively, "Defendants"). Each of these defendants has moved for a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. O'Malley has also filed a motion to strike.

Having considered the parties briefs and accompanying submissions, the Court hereby **DENIES** both the motions to dismiss and the motion to strike.

## I.    FACTUAL & PROCEDURAL BACKGROUND

In the operative complaint – the third amended complaint ("TAC") – Mr. Gressett raises only three claims: (1) a § 1983 claim for malicious prosecution, (2) a claim for malicious prosecution under California law, and (3) a claim for defamation.

1 All of the County Defendants as well as Mr. O'Malley have been sued for § 1983 malicious
2 prosecution. Mr. O'Malley, but not the County Defendants, has been sued for malicious prosecution
3 under California law. Finally, only Mr. Sequeira and Mr. Jackson have been sued for defamation.

## II. MOTIONS TO DISMISS

A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S. Ct. at 678.

B. Malicious Prosecution Claims

As the Court stated in its order of May 17, 2013, "malicious prosecution claims under § 1983 are based on state law elements," and, under California law, a plaintiff may demonstrate malicious prosecution by establishing that the underlying prosecution "'(1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice.'" Docket No. 118 (Order at 16). A malicious prosecution claim may also be based on the theory that, after the commencement of the prosecution, the defendant is made aware of new exculpatory evidence that negates probable cause to continue the prosecution but the defendant suppresses that evidence. *See* Docket No. 118 (Order

2

at 16). Importantly, "whether the alleged misconduct occurred before or after initiation of the prosecution, the plaintiff 'must establish proximate or legal causation' between the misconduct and the initiation or continuation of the prosecution." Docket No. 118 (Order at 17).

In the pending motions to dismiss the claims for malicious prosecution, Defendants' main arguments are as follows:

(1) As a matter of law, Mr. Gressett has failed to allege a favorable termination of the underlying prosecution;

(2) The state court judge's decision denying Mr. Gressett's motion to recuse the AG's Office precludes Mr. Gressett's ability to challenge the independence of the AG's Office (*i.e.*, collateral estoppel);

(3) As a matter of law, Defendants' acts were not a proximate cause of Mr. Gressett's asserted injury;

(4) There were no new events post-arrest that "dissipated" the probable cause that existed at the time the magistrate issued the arrest warrant;

(5) Mr. Kochly has absolute immunity from suit;

(6) The individual defendants are entitled to qualified immunity; and

(7) The County has no liability because the alleged final policymaker, Mr. Kochly, was acting as an agent of the State and not of the County.

Each argument is addressed below.

1. <u>Favorable Termination</u>

Defendants argue first that, as a matter of law, Mr. Gressett has failed to allege a favorable termination of the underlying prosecution – an essential element for a claim of malicious prosecution. Defendants acknowledge that, in its order of May 17, 2013, the Court held that "Plaintiff has pled sufficient facts to demonstrate that the underlying criminal prosecution terminated in his favor," Docket No. 118 (Order at 19), but ask the Court to reconsider its prior ruling.

The Court denies Defendants' motion to reconsider. As a preliminary matter, the Court notes that, technically, Defendants should have moved for leave to file a motion for reconsideration

pursuant to Civil Local Rule 7-9. Even construing Defendants' brief as making such a motion, the Court finds that Defendants are not entitled to any relief, especially as they have failed to show, *e.g.*, "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before [its] interlocutory order." Civ. L.R. 7-9(b)(3).

Furthermore, the merits of Defendants' arguments are problematic.

Defendants focus on the state trial court's order dismissing the charges against Mr. Gressett, asserting that the order did not constitute a favorable termination. But as the Court noted in its prior order, the dismissal of the criminal indictment "straddles substantive and procedural issues" – *i.e.*, "the state court's findings in dismissing the indictment were not purely procedural, but hinged on the merits of the case against Gressett." Docket No. 118 (Order at 18).

Defendants protest that, nevertheless, the state court's order cannot be deemed a favorable termination because the state court was not expressing any opinion as to whether, in fact, Mr. Gressett was innocent; rather, the court simply indicated that it was, in effect, a toss-up as to whether he was innocent. While Defendants' position is not without any support, *see, e.g.*, *Villa v. Cole*, 4 Cal. App. 4th 1327, 1335 (1992) (stating that "a resolution of the underlying litigation that leaves some doubt as to the defendant's innocence or liability is not a favorable termination"), it is arguably problematic in light of the California Supreme Court's statement in *Jaffe v. Stone*, 18 Cal. 2d 146 (1941), that, "[i]f [a dismissal] is of such a nature as to *indicate* the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement." *Id.* at 150 (emphasis added); *see also Siebel v. Mittlesteadt*, 41 Cal. 4th 735, 741 (2007) (noting that the theory underlying the favorable termination requirement is that "it *tends to indicate* the innocence of the accused") (internal quotation marks omitted and emphasis added); *Lackner v. LaCroix*, 25 Cal. 3d 747, 750 (1980) (stating that the termination "must *reflect on* the defendant's innocence") (emphasis added). The California Supreme Court did not elaborate on *how* indicative of innocence the dismissal must be.

In any event, the Ninth Circuit's decision in *Awabdy v. City of Adelanto*, 368 F.3d 1062 (9th Cir. 2004), suggests that, if a trial court expresses some doubts about the criminal defendant's guilt, that is enough to satisfy the favorable termination element *at least at the pleading stage*. Although, in *Awabdy*, the Ninth Circuit stated that there is a favorable termination "if [a dismissal] reflects the

4

1 opinion of . . . the court that the action lacked merit or would result in a decision in favor of the

2 defendant," *id.* at 1068, it went on to conclude as follows:

> [O]n the basis of Awabdy's complaint, as well as the state court records of which the district court took judicial notice, we cannot say with certainty that the charge was dismissed for reasons *other than doubts* on the part of the court . . . about the legitimacy of the charge or as to Awabdy's guilt. Accordingly, Awabdy may be able to establish that the dismissal of the prior proceedings satisfies the favorable termination requirement.

7 *Id.* (emphasis added). Here, there is evidence (and an inference therefrom) of such doubt on the part

8 of the state trial court.

9 Finally, even if the state court's order dismissing the indictment were deemed ambiguous so

10 as to put in question favorable termination based thereon, a favorable termination may also be based

11 solely on the acts of the prosecutor. *See id.* (stating that "a dismissal in the interests of justice

12 satisfies [the favorable termination] requirement if it reflects the opinion of the prosecuting party *or*

13 the court that the action lacked merit or would result in a decision in favor of the defendant")

14 (emphasis added); *Lackner*, 25 Cal. 3d at 750 (stating that, "'[i]n some instances[,] the manner of

15 termination reflects the opinion of the court that the action lacks merit," while, "[i]n others, the

16 termination reflects the opinion of the prosecuting party that, if pursued, the action would result in a

17 decision in favor of the defendant"). Thus, even if the issue of favorable termination is typically a

18 legal issue,[1] and even if the state court's order might not authoritatively opine on Mr. Gressett's

19 innocence, here, there are still disputed facts as to why the state government decided not to refile

20 charges against Mr. Gressett. Defendants try to sidestep this fact by arguing that Mr. Gressett must

21 "plead facts that give rise to the plausible inference that the decision to refile was motivated by a

22 recognition that [he] was innocent." Docket No. 131 (Mot. at 13). However, it is a reasonable

23 inference that "'one does not simply abandon a meritorious action once instituted.'" *Lackner v.*

---

[1] *See Sierra Club Foundation v. Graham*, 72 Cal. App. 4th 1135, 1149 (1999) (stating that "[t]he element of favorable termination is for the court to decide"); *Pattiz v. Minye*, 61 Cal. App. 4th 822, 826 (1998) (noting that appellant – who contested trial court ruling on summary judgment that there was no favorable termination – "concede[d] the factual circumstances are undisputed and the issue is one of law"); *De La Pena v. Wolfe*, 177 Cal. App. 3d 481, 486 (1986) (noting that "there is no dispute" with respect to "the facts relevant on the issue of favorable termination" and thus "[a]ll that remains is the question of law"), *superseded by statute on other grounds*, *Pender v. Radin*, 23 Cal. App. 4th 1807, 1812 n.2 (1994).

*LaCroix*, 25 Cal. 3d at 751 (noting that a dismissal for failure to prosecute does reflect on the merits of the action for that very reason). This is true here where it may be inferred that the state decided not to seek re-indictment in view of the exculpatory evidence that came to light.

### 2. Collateral Estoppel

Defendants argue next that the state court judge's decision denying Mr. Gressett's motion to recuse the AG's Office precludes Mr. Gressett's ability to challenge the independence of the AG's Office. For purposes of the pending motions, this argument has essentially been rendered moot by the Court's order dismissing all claims against Ms. Blair of the AG's Office because of insufficient evidence of her participation in the conspiracy. Because the Court dismissed the claims against Ms. Blair, in order to prevail, Mr. Gressett will ultimately have to show that the decision of the AG's Office to file charges against him (not tainted by conspiracy) was not an intervening cause with respect to his claimed injury. *See Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir. 2008) (stating that "the prosecutor's independent decision can be a superseding or intervening cause of a constitutional tort plaintiff's injury, precluding suit against the officials who made an arrest or procured a prosecution"; but adding that the presumption of independent judgment may be rebutted if the plaintiff shows that the independence of the prosecutor's judgment has been compromised – *e.g.*, the prosecutor was given false information).

### 3. Proximate Cause

Defendants further contend that the malicious prosecution claims should be dismissed because there are insufficient allegations establishing that their actions were the proximate cause of Mr. Gressett's claimed injury. Defendants acknowledge Mr. Gressett's position that the decision of the AG's Office to file charges against him cannot constitute an intervening cause because certain information was withheld from the AG's Office and, if the AG's Office had been given that information, then it would not have filed charges against him. *See id.* However, according to Defendants, there are substantial problems with the evidence of withholding identified by Mr. Gressett in his TAC.

As a preliminary matter, the Court notes that Defendants' position is problematic in light of *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). There, the Ninth Circuit stated that

> [t]he district court's . . . requirement that the amended complaint allege specific facts to overcome the presumption that independent prosecutorial judgment, and not Dr. Ozoa's falsifications, led to the arrest and prosecution of Galbraith, . . . cannot stand. . . . In *Smiddy II* . . . [w]e explained that the presumption of independent prosecutorial judgment in the charging decision is *an evidentiary presumption applicable at the summary judgment stage to direct the order of proof; it is not a pleading requirement to be applied to a motion to dismiss, before discovery has taken place.*

*Id.* at 1126 (emphasis added)[2]; *see also Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1085 n.33 (C.D. Cal. 2008) (stating that, "[a]lthough the decision to file a criminal complaint is generally presumed to result from an independent determination by a prosecutor, such presumption is an evidentiary one applicable at the summary judgment stage [and] not a pleading requirement that a plaintiff must overcome in the context of a motion to dismiss[;] [a]ccordingly, as plaintiff alleges that defendants proximately caused the prosecution by presenting false evidence, the court cannot, at this juncture, conclude as a matter of law that defendants did not proximately cause plaintiff to incur the legal fees and expenses attendant to defending against such action.").

Even if the Court were to disregard *Galbraith*, it still would not find in Defendants' favor on this issue. While the Court is not unsympathetic to many of Defendants' criticisms regarding the evidence allegedly withheld, ultimately, there are enough questions of fact to make a dismissal at the this early juncture of the proceedings – namely, 12(b)(6) – inappropriate. For example, if evidence regarding witness intimidation and "coaching" of Ms. Harpham on her story was in fact withheld from the AG's Office, *see* TAC ¶¶ 57, 75, 79, that would have been material information that could have affected the AG Office's decision as whether to continue prosecution. *Cf. Newman v. County of Orange*, 457 F.3d 991, 995 (9th Cir. 2007) (noting that, "[b]ecause Sloman had no evidence of

---

[2] In *Galbraith*, the Ninth Circuit applied the pleading standard articulated by the Supreme Court in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), and not the *Twombly/Iqbal* standard which came about several years later. Nevertheless, it does not necessarily follow that the Ninth Circuit's statement in *Galbraith* regarding the presumption of independent prosecutorial judgment – *i.e.*, that is to be applied at the summary judgment stage, and not at the pleading stage – no longer has any force. *Twombly/Iqbal* focused on specificity, not the applicability vel non of presumptions.

material omissions, or inconsistent police or eyewitness accounts, he could not demonstrate a genuine issue of material fact as to whether the prosecutor exercised independent judgment").

### 4. Probable Cause

Because Mr. Gressett abandoned his judicial deception claim, Defendants argue that, "[i]n order to prevail [on the malicious prosecution claims], [he] must allege facts that support the conclusion that probable cause somehow evaporated after his arrest [on October 2, 2008]." Docket No. 27 (County Defs.' Mot. at 27); *see also Haupt v. Dillard*, 17 F.3d 285, 290 n.5 (9th Cir. 1994) (stating that, "[p]robable cause to continue a prosecution may disappear with the discovery of new exculpatory evidence after the preliminary hearing[;] [i]n such a case, state actors who are made aware of this evidence but then suppress it may be liable for malicious prosecution under § 1983").

"'Probable cause exists when [under the totality of the circumstances] there is a fair probability or substantial chance of criminal activity.'" *Lacey*, 693 F.3d at 918; *see also United States v. Collins*, 427 F.3d 688, 691 (9th Cir. 2005) (asking "whether, under the totality of the circumstances, a prudent officer would have believed that there was a fair probability that [the defendant] committed a crime"). Although probable cause is a question of law for the Court to decide, a jury must resolve any disputes concerning the facts constituting the totality of the circumstances. *See, e.g.*, *Drummond v. Desmarais*, 176 Cal. App. 4th 439, 453 (2009) (noting that, with respect to probable cause, a jury must resolve any dispute concerning the facts, but "[i]t is a question of law for the court . . . whether the facts found support a tenable claim"); *Haydel v. Morton*, 8 Cal. App. 2d 730, 733 (1935) (noting that, with respect to probable cause, a "jury may be called upon to determine whether [certain] facts or circumstances exist when there is a substantial conflict in the evidence . . . , but in the absence of any substantial conflict in such evidence it is the province of the court to determine whether such facts and circumstances do or do not establish a want of probable cause").

Similar to above, the Court concludes that resolution of the probable cause issue is improper at this stage of the proceedings. Mr. Gressett has made various allegations about events that took place post-arrest, including, *e.g.*, witness intimidation, coaching of Ms. Harpham, a statement by a witness that Ms. Harpham claimed to have been abducted and raped by strangers, the settlement of

1 Ms. Harpham's claim against the County for $450,000, and Ms. Harpham's relationship with
2 another County DDA (Mr. Vega). If all facts were found in Mr. Gressett's favor regarding the post-
3 arrest events, there is a plausible claim that any probable cause which existed at the time of arrest
4 evaporated to a degree sufficient to satisfy a malicious prosecution claim.

### 5. Absolute Immunity of Mr. Kochly

Mr. Kochly contends that he is entitled to dismissal because "[t]he only specific act that plaintiff charges to Mr. Kochly is that he failed to notify state prosecutors – and therefore the grand jury – of the settlement of Jane Doe's civil lawsuit," an act for which he absolute immunity. Docket No. 131 (County Defs.' Mot. at 29). But this argument ignores the fact that Mr. Gressett has alleged a conspiracy[3] – *i.e.*, that nonprosecutorial actions of others can be attributed to Mr. Kochly. *See Lacey*, 693 F.3d at 935 (noting that "the fact of [a] conspiracy may make a party liable for the unconstitutional actions of the party with whom he conspired"). Mr. Kochly has failed to show that he should have absolute prosecutorial immunity as to the nonprosecutorial acts of his co-conspirators, and therefore the dismissal of the malicious prosecutions claims against him is not appropriate.

### 6. Qualified Immunity of County Defendants

"'Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions.'" *Gravelet-Blondin v. Shelton*, 723 F.3d 1086, 1101 (9th Cir. 2013). More specifically, it "is available to government officials performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Inouye v. Kemna*, 504 F.3d 705, 712 (9th Cir. 2007). In making a qualified immunity determination, the court must "examine the 'information possessed' by the officer to determine whether a reasonable official in a particular factual situation should have been on notice that his or her conduct was illegal. The 'subjective beliefs' of the actual officer are . . . irrelevant." *Id.* "'[W]here the legal question of qualified

---

[3] The Court previously held that there are sufficient allegations of conspiracy with respect to the County Defendants. *See* Docket No. 118 (Order at 24) (concluding that "the claim of a conspiracy involving the Contra Costa Defendants is sufficiently plausible to satisfy *Twombly* and *Iqbal*").

immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability.'" *A.D. v. State of Cal. Highway Patrol*, 712 F.3d 446, 459 (9th Cir. 2013).

The County Defendants assert that they "are entitled to qualified immunity from the claim of malicious prosecution if they could have believed that probable cause existed to prosecute the plaintiff," Docket No. 153 (County Defs' Reply at 6) – *i.e.*, so long as it was "'*reasonably arguable* that there was probable cause.'" Docket No. 131 (County Defs.' Mot. at 31) (emphasis added). But whether it was reasonably arguable that there was probable cause to prosecute will turn on the facts within the possession of the County Defendants. In other words, because qualified immunity will turn upon the version of the facts that the jury accepts – Mr. Gressett's or the County Defendants' – the Court cannot resolve the issue at this juncture of the proceedings.

### 7. County Liability

The County contends that Mr. Gressett cannot establish municipal liability as required by § 1983 because he cannot show that Mr. Kochly, the County DA, "was acting as a policy maker on behalf of the County. A district attorney is a *state* official for purposes of § 1983 liability while acting in his prosecutorial capacity." Docket No. 131 (County Defs.' Mot. at 32) (emphasis added). Similar to above, this argument lacks merit because Mr. Gressett is not seeking to hold the County liable based on Mr. Kochly's prosecutorial acts; rather, he is seeking to hold the County liable because Mr. Kochly was part of a conspiracy, and the nonprosecutorial acts of his co-conspirators are attributable to him. Hence, the Court cannot, at this juncture, dismiss the claims against the County.

## C. Defamation Claims

As stated above, Mr. Gressett has asserted defamation claims against only two persons, namely, Mr. Sequeira and Mr. Jackson. To the extent Mr. Sequeira and Mr. Jackson contend that the claims are too conclusorily pled, the Court does not agree. In addition, the Court denies the motion to dismiss because the issue of "actual malice" is a question of fact inappropriate to resolve at this early stage of the proceedings. Likewise, it is a question of fact as to whether Mr. Jackson's allegedly defamatory statements were made in furtherance of the criminal investigation.

### III. MOTION TO STRIKE

Only Mr. O'Malley has filed a motion to strike, more specifically, an "anti-SLAPP" motion made pursuant to California Code of Civil Procedure § 425.16. The motion is denied because Mr. Gressett has adequately pleaded malicious prosecution claims against Mr. O'Malley. To the extent Mr. O'Malley suggests that Mr. Gressett should have provided at least some evidence in support of his position, the Court finds that this would in effect be a motion for summary judgment, and Mr. Gressett is entitled to conduct discovery before being put to the burden of opposing such a motion. *See T.T. v. County of Marin*, No. 12-02349 WHA, 2013 U.S. Dist. LEXIS 10512, at *7-8 (N.D. Cal. Jan. 25, 2013 (stating that, if a defendant makes an anti-SLAPP motion "'based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6)'"; "'[i]f a defendant makes a special motion to strike based on the plaintiff's alleged failure of proof, the motion must be treated in the same manner as a motion under Rule 56'").

### IV. CONCLUSION

For the foregoing reasons, the Court denies the County Defendants and Mr. O'Malley's motions to dismiss and further denies Mr. O'Malley's motion to strike.

This order disposes of Docket Nos. 131, 141, and 143.

IT IS SO ORDERED.

Dated: December 18, 2013

_____
EDWARD M. CHEN
United States District Judge