UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRESSETT, | No. C-12-3798 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO UNSEAL DEPOSITION OF JANE DOE;** |
| CONTRA COSTA COUNTY, *et al.*, | |
| Defendants. | **ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL; AND** |
| _____/ | **ORDER TO SHOW CAUSE WHY PARTIES SHOULD NOT BE REQUIRED TO REFER TO MS. DOE PSEUDONYMOUSLY** |
| | **(Docket Nos. 199, 202)** |

On December 18, 2014, Plaintiff filed a motion to unseal the deposition of Jane Doe in its entirety, or alternatively to unseal substantial portions of Ms. Doe's deposition. Docket No. 199. The only legal authority cited by Plaintiff in support of its motion is the commentary to this Court's Civil Local Rule 79-5, which provides generally that "the Court has a policy of providing to the public full access to documents filed with the Court."[1]

---

[1] Plaintiff also argues that because certain facts or documents may have become "public" in other proceedings, such as Plaintiff's criminal prosecution, there is no basis to seal such information in this case. Notably, Plaintiff cites no legal authority in support of this proposition, and the Court has doubts that such is the law. Simply because certain facts may have become "public" for one purpose and in a different proceeding or setting does not necessarily mean such facts are necessarily rendered public for all future purposes. To the extent Plaintiff believes the law compels a contrary conclusion, he shall cite all relevant authority in any future motion to unseal materials filed in this case.

The Court initially observes that deposition transcripts are not typically made public in the course of litigation. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (observing that "private materials unearthed during discovery" are not judicial records typically available to the public). Only those portions of a deposition transcript that are actually used in the litigation (*e.g.*, those portions filed in support of a motion) will *potentially* become a matter of public record. *See id.* at 1180 (holding that Federal Rule of Civil Procedure 26(c) "gives the district court much flexibility in balancing and protecting the interests of private parties" vis-a-vis "documents produced in discovery"). Plaintiff provides no authority or reason why this Court should deviate from the standard practice. Moreover, the Court cannot think of any reason the Plaintiff would wish to unseal Ms. Doe's *entire* deposition record, especially given the sensitive nature of Ms. Doe's testimony.

To the extent Plaintiff wishes to use certain portions of Ms. Doe's deposition transcript or exhibits in an actual filing with this Court, Plaintiff may make an appropriate motion – supported with relevant legal authority and case law – explaining why the specific deposition excerpts or exhibits actually filed should be unsealed. Absent such a motion, the entirety of Ms. Doe's deposition record will remain sealed in this action.

Similarly, if, in the future, Plaintiff objects to any request for sealing made by either Defendants or Ms. Doe, Plaintiff must provide relevant legal authority and case law to explain why the documents and/or information should not be sealed. In this regard, the Court notes that Defendants and Ms. Doe have already asked for certain exhibits submitted by Defendants as part of their motion for summary judgment to be sealed. Plaintiff did not oppose the request, and Defendants and Ms. Doe have articulated reasonable grounds for sealing. *See* Civ. L.R. 7-11 (providing that opposition to motion for administrative relief "must be filed no later than 4 days after the motion has been filed"). Accordingly, the Court hereby grants Defendants' motion to seal (supported by Ms. Doe). *See* Docket No. 202 (motion).

Finally, the Court notes that there is a dispute between the parties as to whether Ms. Doe should be referred to in all court papers filed in this action as "Ms. Doe," as opposed to her true name. Plaintiff is ordered to show cause, in a brief not to exceed five (5) pages in length, why

Plaintiff shall not be required to refer to Ms. Doe solely by her pseudonym in all future filings in this case. Plaintiff's brief shall be filed no later than Friday, January 30, 2015. Defendants and/or Ms. Doe may file opposition briefs, similarly not to exceed five (5) pages in length, no later than Friday, February 6, 2015.

This order disposes of Docket Nos. 199 and 202.

IT IS SO ORDERED.

Dated: January 21, 2015

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

3