UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRESSETT, | No. C-12-3798 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE DEPOSITION AND FOR SANCTIONS AGAINST DEPONENT'S COUNSEL** |
| CONTRA COSTA COUNTY, *et al.*, | |
| Defendants. | **(Docket No. 201)** |

On December 18, 2014, Plaintiff filed the instant motion to exclude from the evidentiary record in this action the deposition of Jane Doe, and to sanction Ms. Doe's counsel for his allegedly "abusive conduct" during the deposition.[1] Docket No. 201. Ms. Doe's deposition took place on November 17, 2014, in Miami, Florida. *See* Jane Depo 4:3-6. Because the deponent is a non-party witness residing in or around Miami, the United States District Court for the Southern District of Florida has jurisdiction over issues concerning her deposition. *See* Fed. R. Civ. P. 37(a)(2) (defining the "appropriate court" for the purposes of discovery orders concerning non-parties to be "the court where the discovery is or will be taken"); *see also Todd v. Lamarque*, No. C 03-3995 SBA, 2008 WL 2095513, at *4 (N.D. Cal. May 16, 2008).

///

///

---

[1] Plaintiff also seeks an order from this Court finding that Ms. Doe is not an "unavailable witness" at trial, or otherwise requiring Ms. Doe to testify at trial in person. At a minimum, the Court finds these requests premature and thus will not rule on them at this time.

Here, the parties agreed to a stipulated protective order that was signed by United States Magistrate Judge Jonathan Goodman of the U.S. District Court for the Southern District of Florida.[2] That stipulation provided, among other things, that Ms. Doe's deposition would be overseen by a Special Master appointed pursuant to Federal Rule of Civil Procedure 53. The stipulation further provided, in critical part, that the "Special Master shall have the authority to rule on *any* objections, assertions of privilege, and instructions not to answer." Florida Docket No. 13 at ¶ 6 (emphasis added).

In the instant motion, Plaintiff claims his "due process" rights were violated where his counsel was prevented from fully questioning Ms. Doe about certain issues. The Court notes that many of the complaints Plaintiff raises in his current motion were not raised to the Special Master during the deposition. For instance, Plaintiff argues that he was wrongfully prohibited from asking Ms. Doe about certain conversations she may have had with an attorney, Tom McKenna.[3] Docket No. 201 at 6-7. But Plaintiff's counsel never asked the Special Master for a ruling on Ms. Doe's assertion regarding the attorney-client privilege, despite the fact that the Special Master had "the authority to rule on any . . . assertions of privilege." Fla. Docket No. 13 at ¶ 6. Plaintiff waived this (and a number of his other) objections by failing to present these issues to the Special Master for resolution in real-time. *See* Fed. R. Civ. P. 32(d)(3)(B) (providing that objections to errors or irregularities not "timely made during the deposition" are waived); *see also Batelli v. Kagan & Gaines Co.*, 236 F. 2d 167, 170 (9th Cir. 1956) (noting that objections not timely made at deposition are waived).[4] Consequently, the Court will not consider these belated objections.

Plaintiff also complains that he was prevented from inquiring into subjects such as Ms. Doe's alleged sexual relationship(s) with other third-parties. The Special Master specifically ruled that Plaintiff counsel's questions in this regard were objectionable, and thus held that Ms. Doe did not

---

[2] The Florida case initiated in connection with Ms. Doe's deposition is No. 14-cv-23826-JEM. The relevant stipulated protective order was recorded at Docket No. 13 in the Florida court.

[3] Plaintiffs' counsel similarly failed to raise her concerns regarding any assertion of the "doctor/patient" privilege with the Special Master.

[4] The case for waiver is particularly strong here, where a judicial officer was actually present at the deposition for the precise purpose of ruling on deposition objections.

2

have to answer such questions. This Court does not have jurisdiction to review these rulings. Rather, to the extent Plaintiff believed that the Special Master's evidentiary rulings were erroneous, Plaintiff was required to file objections in the relevant court (*i.e.*, the Southern District of Florida) within 21 days of the Special Master's rulings. *See* Fed. R. Civ. P. 53(f)(2) (providing that a "party may file objections to – or a motion to adopt or modify – the master's order . . . no later than 21 days after a copy is served, unless the court sets a different time"). Plaintiff knew full well that the Special Master was appointed pursuant to Rule 53, as the joint stipulation he agreed to explicitly spelled that out. Fla. Docket No. 13 at ¶ 5. Consequently, it should come as no surprise that Plaintiff was required to comply with Rule 53 to the extent he wished to challenge any of the Special Master's legal rulings. Because Plaintiff has failed to comply with Rule 53, and instead seeks to challenge the Special Master's rulings in the wrong venue and out of time, this Court will not entertain Plaintiff's purported due process challenge regarding the Special Master's allegedly erroneous rulings under the various "rape shield" laws applicable to Ms. Doe's deposition.

Finally, the Court rejects Plaintiff's claims that his due process rights were violated by Ms. Doe's counsel, that Ms. Doe's counsel acted improperly at the deposition, or that Ms. Doe's counsel should otherwise be sanctioned by this Court. The Court notes once again that counsel did not raise any such objections with the Special Master presiding over the deposition. To the extent Ms. Doe's counsel was making "improper speaking objections" or otherwise coaching Ms. Doe, the Special Master was available to rule on such objections. Failure to timely object was therefore a waiver. *See* Fed. R. Civ. P. 32(d)(3)(B).

In sum, Plaintiff's counsel failed to exhaust Plaintiff's rights in the appropriate forum. Plaintiff had extensive due process rights under Fed. R. Civ. P. 37(a)(2) and 53. His failure to utilize those rights do not give rise to a Due Process violation.

As to Plaintiff's request for sanctions, the Court further observes that Ms. Doe was represented by an attorney licensed and practicing in Miami during a deposition that took place subject to the jurisdiction of the U.S. District Court for the Southern District of Florida. Plaintiff fails to provide any legal basis affording this Court the power to sanction Ms. Doe's attorney even if it was convinced that he acted improperly. In any event, the Court is not so convinced. The Court

has reviewed the entire deposition transcript and does not find any conduct by Ms. Doe's attorney even approaching the level of a due process violation. Consequently, Plaintiff's entire motion is **DENIED**.

This order disposes of Docket No. 201.

IT IS SO ORDERED.

Dated: January 21, 2015

_____
EDWARD M. CHEN
United States District Judge