UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRESSETT,<br><br>    Plaintiff,<br><br>    v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>    Defendants. | Case No. 12-cv-03798-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR REVIEW OF THE CLERK'S ORDER ON TAXATION OF COSTS**<br><br>Docket No. 238 |

## I. INTRODUCTION

Plaintiff Michael Gressett initiated the instant lawsuit against multiple government entities, government employees, and private individuals. Docket No. 229 (Summary Judgment Order). At summary judgment, the only remaining claims were malicious prosecution and defamation. *Id.* The Court granted summary judgment in favor of Defendants, resolving all claims in the litigation. *Id.* Currently before the Court is Defendants' Motion for Review of Clerk's Order on Taxation of Costs. Docket No. 238 (Mot.). Defendants only dispute the $5,300 for special master's fees not included in the Clerk's taxation of costs. *Id.* Having considered Defendants' brief and all the evidence in the record, the Court hereby **GRANTS** Defendants' motion.

## II. BACKGROUND

During the course of litigation, Defendants sought to depose Jane Doe, who was identified as the victim in the criminal charges filed against Plaintiff that were the subject of the instant suit. *See* Docket No. 238-1 (Boley Dec.) at ¶ 2. Ms. Doe filed a motion for a protective order in in the Southern District of Florida, requesting that a special master be appointed to attend Doe's deposition and rule on objections and the scope of the deposition. *Id.* at ¶ 3. The parties ultimately entered into a protective order that Ms. Doe's deposition would be overseen by a

1    special master, and authorized the special master to decide the allocation of the deposition's fees
2    and costs. *Id.* at ¶ 4.  The special master ordered that Defendants pay 75% of the special master's
3    fees, while the Plaintiff pay the remaining 25% of the fees and 100% of any CCTV costs incurred
4    during the deposition. *Id.*, Exh. B.  The order stated that the special master considered several
5    factors in apportioning the fees: (1) Defendants noticed the deposition, (2) Defendants intended to
6    use the deposition as evidence at trial, and (3) the Plaintiff spent five hours examining the witness
7    while the Defendants spent two hours examining the witness. *Id.*

8          On March 10, 2014, this Court granted Defendants' Motion for Summary Judgment.
9    Summary Judgment Order at 2.  Following entry of the order and judgment, Defendants filed a
10   Bill of Costs in the amount of $29,185.20.  Docket No. 231.  Listed in the Bill of Costs was
11   $5,300 for "Compensation of interpreters and costs of special interpretation under 28 U.S.C.
12   1828."  Defendants explain that the $5,300 is the special master's fees incurred in the deposition
13   of Ms. Doe.  Mot. at 2; Docket No. 231-3 at 10 (invoice for special master's fees).

14         Plaintiff did not file any objection to the Bill of Costs.  On October 16, 2015, the Clerk
15   issued an order on the Defendant's Bill of Costs, which taxed costs in the amount of $16,280.24,
16   excluding the $5,300 in special master's fees.  Docket No. 237.  The Clerk did not provide a
17   rationale for not taxing the special master's fees as costs. *Id.*  Subsequently, Defendants filed the
18   instant motion for review of the Clerk's taxation of costs, which Plaintiff has not opposed.

### III.   DISCUSSION

20       Federal Rule of Civil Procedure 54(d)(1) provides:

> ***Costs Other Than Attorney's Fees.*** Unless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party.  But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law.  The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

26   Under this rule, there is a presumption in favor of awarding costs to a prevailing party; however,
27   the district court retains discretion to refuse to award costs. *Ass'n of Mexican-Am. Educators v.*
28   *State of Cal.*, 231 F.3d 572, 591-92 (9th Cir. 2000).  In refusing to award costs, a "district court

United States District Court
For the Northern District of California

must 'specify reasons' for its refusal to award costs." *Id.* The Ninth Circuit has provided that "[a]ppropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014). This is not an exhaustive list of considerations for denying costs, but a starting point for analysis. *Id.*; *see also Ass'n of Mexican-Am. Educators*, 231 F.3d 572, 592 (holding that misconduct is not the only reason by which a court may deny costs to a prevailing party). Additionally, the losing party must show why costs should not be awarded. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

Recoverable costs are limited by statute. 28 U.S.C. § 1920 states that a "judge or clerk of any court of the United States may tax as costs":

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

While section 1920 does not explicitly provide for special master's fees, the Ninth Circuit has held that district courts have discretion to tax special master's fees. *K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 477 (9th Cir. 1974) ("The prevailing party has a right to recover moneys paid for the master 'as a part of its recoverable costs' . . . . K-2 was the prevailing party in this action and the district court did not abuse its discretion in allowing the master's compensation to be taxed as costs." (internal citations omitted)); *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001) ("It is true that the cost of the special master had previously been allocated between the parties by the master. But the district court itself does have discretion to tax them."). Moreover, under Civil Local Rule 54-3(f), "[f]ees to masters and receivers are

3

1  allowable." *See Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1149 (N.D. Cal.
2  2010) ("The fees of special masters, as a general matter, are taxable as costs.").
3      Accordingly, the Court has the discretion to allow special master's fees to be taxed as costs
4  in this case. Here, Defendants have provided documentation of the special master's fees.
5  Defendants are also the prevailing party as the Court held that Defendants were entitled to
6  summary judgment on both remaining claims in the litigation. Therefore, there is a presumption
7  in favor of awarding costs to Defendants. *See K-2 Ski Co.*, 506 F.2d at 477.
8      The Court also does not find any compelling reason to deviate from the presumption in
9  favor of awarding costs to the prevailing party. Notably, Plaintiff did not object to Defendants'
10 Bill of Costs, nor did he oppose the current motion to review the Clerk's taxation of costs.
11 Furthermore, the Ninth Circuit's reasons for denying costs in *Escriba* and *Ass'n of Mexican-Am.*
12 *Educators* (*e.g.*, the substantial public importance of the case), are not applicable here. In fact, it
13 was Plaintiff's behavior -- including hiring a private investigator to investigate Ms. Doe at a
14 family gathering and identifying Ms. Doe's real name in court documents and online media -- that
15 necessitated the involvement of a special master to oversee Ms. Doe's deposition. *See* Boley Dec.,
16 Exh. A at 2-3. While the special master's allocation of fees provided that Defendants should pay
17 75% of the fees (Docket No. 238-1 at 23), this represents only an "interim allocation" that "may
18 be amended to reflect a decision on the merits." Fed. R. Civ. P. 53(g). Therefore, the presumption
19 remains in favor of awarding costs to the prevailing party, and the Court exercises its discretion to
20 add the special master's fees to the Clerk's taxation of costs.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion to Review the Clerk's Order on Taxation of Costs. This Court hereby **MODIFIES** the Clerk's taxation of costs to include the special master's fee of $5,300, for a total amount of **$21,580.24.**

This order disposes of Docket No. 238.

**IT IS SO ORDERED**.

Dated: December 15, 2015

_____
EDWARD M. CHEN
United States District Judge